UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2266(DSD/JJG)

UltiMed, Inc.,

       Plaintiff,

v.                                           **ORDER**

Becton, Dickinson and Company,

       Defendant.

     This matter is before the court on plaintiff's objections to the report and recommendation of Magistrate Judge Jeanne J. Graham dated November 7, 2006. In her report, the magistrate judge recommended that defendant's motion for judgment on the pleadings be granted and plaintiff's claim be dismissed with prejudice. The court reviews the report and recommendation of the magistrate judge de novo. 28 U.S.C. § 636(b)(1)(C); D. Minn. LR 72.2(b). For the reasons that follow, the court sustains plaintiff's objection and denies defendant's motion for judgment on the pleadings.

     Plaintiff UltiMed, Inc. ("UltiMed") manufactures and distributes hypodermic needles and syringes for diabetic home use. UltiMed filed this antitrust matter against defendant Becton, Dickinson and Company ("Becton"), a medical supply company that also manufactures and distributes home-use insulin syringes. UltiMed alleges tortious interference with prospective business relations and various violations of the Sherman Act, the Clayton

Act and the Minnesota Antitrust Law of 1971.  Specifically, UltiMed claims that Becton engaged in exclusive dealing and bundling schemes with pharmacy benefit managers and pharmacies in an attempt to illegally maintain monopoly power in the home-use insulin syringe market.

Becton filed a Rule 12(c) motion for judgment on the pleadings.  It argues that UltiMed's complaint does not allege the facts necessary to support its antitrust claims.  The magistrate judge concluded that UltiMed failed to plead sufficient details about the contracts and relationships involved in the antitrust and tortious interference claims and recommends that the court dismiss the complaint.  (See R&R at 21.)  UltiMed objects, arguing that it met the notice pleading requirements identified by Federal Rule of Civil Procedure 8.  In the alternative, UltiMed argues dismissal with prejudice is not warranted and that it should have an opportunity to amend its complaint.

The court considers a motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) under the same standards as a Rule 12(b)(6) motion to dismiss.  See Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990).  Therefore, the court reviews only the pleadings, assumes all facts alleged in the complaint are true, construes the complaint liberally in the light most favorable to plaintiff and enters judgment on the pleadings only if it appears "beyond a doubt" that plaintiff can prove no set

of facts that would merit relief. Coleman v. Watt, 40 F.3d 255, 258 (8th Cir. 1994); see Pinnacle Pizza Co. v. Little Caesar Enters., Inc., 395 F. Supp. 2d 891, 896-97 (D.S.D. 2005). Judgment on the pleadings should be granted only "sparingly and with caution." Huelsman v. Civic Ctr. Corp., 873 F.2d 1171, 1174 (8th Cir. 1989) (internal quotation omitted) (discussing dismissal under Rule 12(b)(6)).

The liberal rules of pleading embodied in Federal Rule of Civil Procedure 8 are "as applicable in antitrust ... cases as they are in any other case." Baxley-DeLamar Monuments, Inc. v. Am. Cemetery Ass'n, 843 F.2d 1154, 1156 (8th Cir. 1988). All that is required is a "short, plain statement" sufficient to give defendant "fair notice of the basis of the claim." Id.; Fed. R. Civ. P. 8; see Fusco v. Xerox Corp., 676 F.2d 332, 337 n.7 (8th Cir. 1982); In re Tableware Antitrust Litig., 363 F. Supp. 2d 1203, 1205-06 (N.D. Cal. 2005). A complaint is sufficient if the plaintiff submits more than mere legal conclusions - that is, if the plaintiff asserts the essential elements of an antitrust claim and how the alleged scheme operates or how defendant violated antitrust regulations. See Tele Atlas N.V. v. Navteq Corp., 397 F. Supp. 2d 1184, 1190 (N.D. Cal. 2005); see also Twombly v. Bell Atl. Corp., 425 F. 3d 99, 110-11 (2d Cir. 2005); In re Milk Prods. Antitrust Litig., 84 F. Supp. 2d 1016, 1020 (D. Minn. 1997). The court is especially hesitant to dismiss antitrust actions before the parties

have had an opportunity to conduct discovery because proof of the alleged illegal conduct often lies in defendants' hands. See Hosp. Bldg. Co. v. Trs. of Rex Hosp., 425 U.S. 738, 746 (1976); Double D Spotting Serv., Inc. v. Supervalu, Inc., 136 F.3d 554, 560 (8th Cir. 1998).

UltiMed's complaint does more than simply list the elements of the respective antitrust violations.  Rather, the complaint moves beyond mere legal conclusion and satisfies the Rule 8 pleading requirements by explaining how the alleged scheme operates and providing sufficient facts to give Becton notice of the basis of the claims.  That UltiMed's complaint is not rife with detail is permissible at this stage under the liberal notice pleading standard.  The opportunity exists through discovery for UltiMed to further particularize its claims.

Therefore, **IT IS HEREBY ORDERED** that defendant Becton's motion for judgment on the pleadings [Doc. No. 14] is denied.

Dated:  January 11, 2007

                                            s/David S. Doty  
                                            David S. Doty, Judge  
                                            United States District Court