UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 06-2266(DSD/JJG)

UltiMed, Inc.,

      Plaintiff,

v.                                                      **ORDER**

Becton, Dickinson and Company,

      Defendant.

     This matter is before the court upon defendant Becton, Dickinson and Company's ("Becton") request to file a motion to reconsider a portion of the court's January 11, 2007, order denying Becton's motion for judgment on the pleadings.  Pursuant to Local Rule 7.1(g), motions to reconsider are prohibited except by "express permission of the Court," which will be granted "only upon a showing of compelling circumstances."  A motion to reconsider should not be employed to relitigate old issues but rather to "afford an opportunity for relief in extraordinary circumstances."  <u>Dale & Selby Superette & Deli v. U.S. Dep't of Agric.</u>, 838 F. Supp. 1346, 1348 (D. Minn. 1993).

     In its January 11 order, the court denied Becton's motion for judgment on the pleadings against plaintiff UltiMed, Inc. ("UltiMed") because the court determined that UltiMed had satisfied the pleading standard of Federal Rule of Civil Procedure 8.  When discussing the legal framework of Rule 8, the court noted that "a

complaint is sufficient if the plaintiff submits more than mere legal conclusions - that is, if the plaintiff asserts the essential elements of an antitrust claim and how the alleged scheme operates or how defendant violated antitrust regulations." (Order of Jan. 11, 2007, at 3.) To support this assertion, the court cited Tele Atlas N.V. v. Navteq Corp., 397 F. Supp. 2d 1184 (N.D. Cal. 2005), as primary authority but also cited Twombly v. Bell Atlantic Corp., 425 F.3d 99 (2d Cir. 2005), and In re Milk Products Antitrust Litigation, 84 F. Supp. 2d 1016 (D. Minn. 1997), as secondary authority. On May 21, 2007, the Supreme Court reversed the Second Circuit Court of Appeals's decision in Twombly. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955 (2007) ("Twombly II"). Defendant now argues that the court must reconsider its January 11 order based on the reversal.

As noted, the court did not cite Twombly as the sole or primary authority for the proposition that a complaint offering more than mere legal assertions satisfied Rule 8. Thus, the court did not premise its analysis on Twombly in such a way that the case's reversal created the "compelling circumstances" necessary for reconsideration. Moreover, a careful reading of the Supreme Court's decision demonstrates that the reversal did nothing to eviscerate the court's decision. While the Supreme Court took issue with a particular type of antitrust pleading - specifically, plaintiffs who alleged "parallel conduct" or "conspiracy" and

little more - its holding in Twombly II did not jeopardize the court's reasoning in the instant case. See Twombly II, at 1964-66, 1969-70. Twombly II clarified that Rule 8 requires a "'showing,' rather than a blanket assertion, of entitlement to relief." Id. at 1965. That is, a plaintiff's complaint must include more than "labels and conclusions ... [or] a formulaic recitation of the elements of a cause of action." Id. The court's January 11 order comports with this definition, and its conclusion that UltiMed met its pleading requirement did not depend upon the questioned "no set of facts" reasoning from Conley v. Gibson, 355 U.S. 41 (1957).[1] (See Order of Jan. 11, 2007, at 3-4.)  Instead, the court explained

---

[1] In Conley, the Court held that Rule 8 requires only "a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley, 355 U.S. at 47. The Court reasserted this basic understanding of Rule 8 in Twombly II. 127 S. Ct. at 1964; see also Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007) (citing Twombly II when noting that under Rule 8, "specific facts are not necessary; the statement need only give defendant fair notice of what the claim is and the grounds upon which it rests"). However, the Court criticized Conley's assertion that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46; see Twombly II, 127 S. Ct. at 1968-70. Specifically, the Court sought to rein in Conley's "no set of facts" language so as to prevent a "wholly conclusory statement of claim" from surviving a motion to dismiss "whenever the pleadings left open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." Twombly II, 127 S. Ct. at 1968 (internal quotations omitted). Rather, the Court interpreted Conley as describing "the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival." Id. at 1970.

that UltiMed's complaint moved "beyond mere legal conclusion" and satisfied Rule 8 by "explaining how the alleged scheme operates and providing sufficient facts to give Becton notice of the basis of the claims."  (Id. at 4.)  For these reasons, Twombly's reversal did not establish the extraordinary circumstances required for reconsideration of the court's January 11 order.

Accordingly, **IT IS HEREBY ORDERED** that defendant's request to file a motion to reconsider [Doc. No. 61] is denied.

Dated:  October 3, 2007

s/David S. Doty
David S. Doty, Judge
United States District Court